UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES M.,<br><br>                      Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | CASE NO. C19-5755-BAT<br><br>**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE MATTER WITH PREJUDICE** |

Plaintiff appeals the denial of his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). He contends the Commissioner harmfully erred because the medical evidence, his testimony, the lay testimony, and residual functional capacity ("RFC") were misevaluated; the Appeals Council failed to properly evaluate the new evidence; and the ALJ was not a properly appointed inferior officer at the time of the June 2017 administrative hearing, in violation of the Appointments Clause of the United States Constitution. Dkt. 13, at 2. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

In October 2012 and January 2013, plaintiff applied for DIB and SSI and has an amended disability onset date of October 2, 2012. Tr. 4, 35–36, 73. He is 52 years old, has a high-school

education, and has worked as a roofer helper, glass installer, painter, auto parts salesperson, construction worker, and a combination job of glass installer/sales estimator and siding/window installer. Tr. 6, 159, 206. Plaintiff appeared without counsel at a July 2014 ALJ hearing. Tr. 22–67. In a February 2015 decision, the ALJ found plaintiff not disabled. Tr. 161–84. In May 2016, the Appeals Council reversed and remanded because there was relevant evidence that plaintiff had never been provided. Tr. 185–87. On remand, plaintiff was represented by counsel at a June 2017 ALJ hearing. On April 2, 2018, the ALJ found plaintiff not disabled. Tr. 191–208. Plaintiff sought review and the Appeals Council gave notice in April 2019 that it would review the April 2018 decision because the ALJ had included limitations that were not supported by substantial evidence. Tr. 373–76.

On June 10, 2019, the Appeals Council issued the Commissioner's final decision. Tr. 4–7. In general, the Appeals Council agreed with the ALJ's findings under steps one through five of the sequential evaluation. Tr. 5. The Appeals Council found that plaintiff met the DIB insured status requirements through June 30, 2017; had not engaged in substantial gainful activity since the alleged onset date of October 2, 2012; and had the severe impairments of bilateral chondromalacia patella, fibrous dysplasia, and reduced vision right eye. Tr. 6. The Appeals Council found that plaintiff had the RFC to perform a reduced range of light work. Tr. 6. But while the ALJ determined that plaintiff could not climb ramps or stairs, bend, stoop, kneel, crouch, or crawl, Tr. 196–97, the Appeals Council found that plaintiff could occasionally climb ramps and stairs, balance, bend, stoop, kneel, crouch, and crawl, Tr. 6. Moreover, the Appeals Council rejected a hypothetical posed by the ALJ to the vocational expert ("VE") because it included too many RFC restrictions and thus resulted in VE testimony that improperly reduced the number of jobs available. Tr. 6; Tr. 374. The Appeals Council found that plaintiff could not

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE MATTER WITH PREJUDICE - 2

perform his past relevant work but could perform other jobs that exist in significant numbers in the national economy. Tr. 6–7. The Appeals Council therefore found that plaintiff was not disabled from the alleged onset date to the date of the ALJ's April 2018 decision. Tr. 7.

## DISCUSSION

Judicial review is limited to the Commissioner's "final decision." 42 U.S.C. § 405(g). The Appeals Council's June 2019 decision, rather than the ALJ's April 2018 decision, is the Commissioner's final decision in this case. *See* 20 C.F.R. §§ 404.955, 404.979, 404.981; *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). When the Appeals Council grants review, it "may affirm, modify or reverse" the ALJ's hearing decision. 20 C.F.R. § 404.979; *Taylor*, 765 F.2d at 875. The Appeals Council adopted the second ALJ's statements regarding the law, regulations, rules, the issues, the evidentiary facts, and conclusion of non-disability. Tr. 5. While it agreed with the second ALJ's findings under the five-step, sequential evaluation, the Appeals Council independently reviewed the evidence, modified the RFC assessment, rejected a faulty hypothetical posed to the VE, and set forth its findings for all five steps. Tr. 5–7.

Plaintiff broadly challenges all aspects of the Commissioner's handling of the medical evidence, plaintiff's testimony, lay testimony, and evidence submitted to the Appeals Council. The Court disagrees with plaintiff's contentions and finds the Commissioner's final decision to be supported by substantial evidence and to be free from harmful legal error. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Court examines the second ALJ's decision only to the extent it was adopted by the Appeals Council and elucidates the Commissioner's handling of the evidence. The Court rejects plaintiff's Appointments Clause challenge because the Administrative Appeals Judges ("AAJs") on the Appeals Council had been properly appointed when they granted review and issued the Commissioner's final decision.

**1. Medical Evidence**

Plaintiff argues that the ALJ, and thus the Commissioner, misevaluated the medical evidence because it should have been evaluated in a manner that supported a finding of disability. Dkt. 13, at 3–9. He does not support this assertion with anything other than a summary of medical evidence favorable to him.[1] *Id.* He does not, for example, challenge in any meaningful way the ALJ's reasons for determining that the medical evidence supported the RFC, such as the lack of any medical treatment for his knee pain between 2014 and 2017 and an independent medical evaluation in which Clarence Fossier, M.D., in January 2013 expressed doubt both about the diagnosis of bilateral patellar tendinitis and about plaintiff's explanation that his knee pain came from overwork. Tr. 197–98 (citing Tr. 609). Where, as here, the ALJ's interpretation of the evidence is rational, this Court may not overturn it in favor of a different interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Moreover, it is not enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts. *See e.g. Vandenboom v. Barnhart*, 421 F.3d 745, 750

---

[1] Amidst a six-page summary of the medical record, plaintiff's opening brief specifically identifies only one error in the ALJ's evaluation of the medical evidence: "[t]he ALJ partially rejected Dr. Gaffield's first [2013] opinion regarding [plaintiff's] postural limitations, but the ALJ did not state any legitimate reason for rejecting any of those limitations." Dkt. 13, at 9. First, that is an inaccurate characterization of the ALJ's reasoning. The ALJ found that Dr. Gaffield's assessment that plaintiff "could only occasionally perform postural activities to be overbroad and not consistent with the medical and other evidence," by referring not only to the full discussion of the medical evidence but also to a December 2012 medical note in which plaintiff reported no tenderness, no sensory changes, and no restricted range of motion in his knees and a May 2015 medical note where plaintiff sought supporting paperwork for a fishing and camping sticker. Tr. 202 (citing Tr. 635, 691). Second, although he quotes from the *ALJ's* evaluation of Dr. Gaffield's second, 2017 opinion, Dkt. 13, at 8, plaintiff fails to note that the *Appeals Council* treated the 2017 opinion differently. Tr. 374. The Appeals Council gave great weight to Dr. Gaffield's 2017 opinion and therefore concluded that plaintiff had fewer restrictions. Tr. 374.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE MATTER WITH PREJUDICE - 4

(8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review).

Plaintiff has done no more than state in a conclusory fashion that the medical record supports his interpretation of the evidence. Dkt. 13, at 3–9. The Court finds that plaintiff has not demonstrated that the Commissioner's interpretation of the medical evidence was unreasonable, unsupported by substantial evidence, or legally erroneous.

**2. Plaintiff's Testimony**

Plaintiff contends that the ALJ, and thus the Commissioner, failed to state clear and convincing reasons for discounting his testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The Court disagrees.

Among myriad other examples in the medical record, the ALJ discounted plaintiff's testimony that his knees began causing him disabling pain after being overworked in October 2012 by citing a lack of medical treatment from 2014 to 2017 and Dr. Fossier's January 2013 medical opinion that plaintiff did not have bilateral patellar tendinitis, had not been injured at work, walked with a normal gait, showed muscular pain rather than pain in his knee joint, and was not demonstrating fibrodysplasia attributable to trauma. Tr. 197–205; *see* Tr. 604–11 (orthopedic surgeon Dr. Fossier's opinion). The ALJ found that plaintiff's testimony about symptom severity was undermined by daily activities such as mowing his quarter-acre yard with a push mower, weeding by bending over for two hours once every two weeks, cooking daily meals, shopping in stores, caring for his daughter and pets, performing household chores, and

1 driving. Tr. 201–02 (citing, *inter alia*, Tr. 462–65, 501–02). The ALJ stated clear and convincing

2 examples from the medical record, plaintiff's treatment, and his daily activities that justified

3 discounting plaintiff's symptom testimony.

4 The Court finds that the Commissioner discounted plaintiff's testimony by citing

5 substantial evidence and without committing harmful legal error.

**3. Lay Testimony**

7 Plaintiff contends that the ALJ, and thus the Commissioner, committed harmful error by

8 failing to cite a germane reason for discounting the lay testimony of plaintiff's father and

9 brother-in-law, and by not discussing an agency field office employee's observations that

10 plaintiff appeared to be in pain, seemed stiff, and seemed to walk with a limp. *See Molina v.*

11 *Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). The Court disagrees.

12 The ALJ discounted the lay testimony of plaintiff's father and brother-in-law because

13 their testimony, which was similar to plaintiff's testimony, was inconsistent with medical

14 evidence, plaintiff's course of treatment, and daily activities. Tr. 205. These reasons, which are

15 clear and convincing, are germane reasons for discounting the lay testimony of plaintiff's father

16 and brother-in-law. Although the ALJ did not discuss the agency field office employee's three-

17 sentence observations about plaintiff's apparent pain, stiffness, and limp, Tr. 438, this omission

18 was not harmful error because the testimony was cumulative and did not describe functional

19 limitations. *See Molina*, 674 F.3d at 1114–15.

20 The Court finds that the Commissioner's assessment of the lay testimony was supported

21 by substantial evidence and free from harmful legal error.

22

23

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE MATTER WITH PREJUDICE - 6

**4. Evidence Submitted to Appeals Council**

Plaintiff contends that the Appeals Council failed to state legitimate reasons for discounting the medical evidence presented for the first time to the Appeals Council. The Court disagrees.

The Appeals Council discounted the April 2017 non-examining, reviewing opinion of DSHS physician Myrna Palasi, M.D., because her diagnoses of "internal derangement, knee" and "spondylosis" were not supported by the medical evidence. Tr. 4; Tr. 934–37. The Appeals Council cited a contemporaneous April 2017 progress note by plaintiff's treating orthopedist who stated that x-rays of plaintiff's knees were negative and that a February 2017 MRI found no significant internal derangement of the right knee. Tr. 4 (citing Tr. 884; Tr. 938–47). The Appeals Council also noted that there is no mention of spondylosis anywhere else in the medical record. Tr. 4.

The Appeals Council discounted the February 2017 opinion of Nancy Armstrong, A.R.N.P., because, in addition to not being considered an acceptable medical source,[2] Ms. Armstrong stated that her opinion was supported by an MRI and two sets of x-rays, but the attached radiology reports were all negative, including the MRI, which found no significant internal derangement of the right knee. Tr. 5 (citing Tr. 884). The Appeals Council thus discounted Ms. Armstrong's opinion based on internal inconsistencies regarding attached radiology reports and gave Ms. Armstrong's opinion less weight than the weight given to opinions from acceptable medical sources. Tr. 5.

---

[2] Because plaintiff's disability applications were filed before March 27, 2017, a licensed advance practice nurse does not here qualify as an "acceptable medical source." 20 C.F.R. § 404.1502(a)(7).

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE MATTER WITH PREJUDICE - 7

1     The Appeals Council disregarded April 9, 2008 through September 6, 2018 medical
2 records from Olympia Orthopedics Associates, a January 28, 2019 DSHS physical functional
3 evaluation prepared by Ms. Armstrong, and February 8, 2019 medical records from South Sound
4 Radiology because they post-dated the ALJ's April 2, 2018 decision. Tr. 5; *see* Tr. 899–924.
5 Although plaintiff suggests without citation or explanation that the Appeals Council should have
6 reviewed even the evidence that post-dates the ALJ's April 2, 2018 decision, Dkt. 19, at 7 &
7 n.12, "[i]f you submit additional evidence that does not relate to the period on or before the date
8 of the administrative law judge hearing decision . . . the Appeals Council will send you a notice
9 that explains why it did not accept the additional evidence and advises you of your right to file a
10 new application" and, so long as an application is filed within 60 days of that notice, the date for
11 the new application will be the date that Appeals Council review was requested. 20 C.F.R.
12 § 404.970(c). Here the Appeals Council provided notice, explained how to file a new application
13 for benefits with May 30, 2018 as the date of the request for review, and explained why the
14 evidence post-dating the ALJ's decision was being rejected. Tr. 2, 5.

15     The Court finds that plaintiff did not demonstrate that the Commissioner harmfully erred
16 as a matter of fact or law in evaluating the medical evidence presented for the first time to the
17 Appeals Council.

18     **5.   Appointments Clause Challenge**

19     Plaintiff argues that the Commissioner violated the Appointments Clause of the
20 Constitution because, following the holding of *Lucia v. SEC*, 183 S. Ct. 2044 (2018), the ALJ
21 was an improperly appointed inferior officer as of the date of the June 2017 administrative

hearing.[3] Dkt. 13, at 18–19; Dkt. 19, at 8–10. The Court disagrees because it is undisputed that the AAJs on the Appeals Council were properly appointed both on the date the Appeals Council accepted review in April 2019 and on the date the Appeals Council issued the Commissioner's final decision in June 2019.

The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. 20 C.F.R § 404.981. The Appeals Council will review a decision for a number of reasons, including that the ALJ decision is not supported by substantial evidence. 20 C.F.R. § 404.970. After it has reviewed all the evidence in the ALJ hearing record and any additional evidence received, the Appeals Council will make a decision or remand the case to an ALJ. 20 C.F.R. § 404.979. The Appeals Council may affirm, modify, or reverse the ALJ's decision. *Id.* When it issues its own decision, the Appeals Council will base its decision on a preponderance of the evidence. *Id.* A decision is "not final until the Appeals Council denies review or, if it accepts a case for review, issues its own findings on the merits." *Brewes v. Commissioner of SSA*, 682 F.3d 1157, 1162 (9th Cir. 2012).

On April 25, 2019, the Appeals Council decided to review plaintiff's case because the ALJ's April 2018 decision was not supported by substantial evidence. Tr. 373. Although the ALJ found that plaintiff's RFC limited him to work does not require him to climb ladders, ropes, scaffolds, ramps, or stairs, bend, stoop, kneel, crouch, or crawl, the Appeals Council intended to give great weight to Dr. Gaffield's April 2017 opinion and find that plaintiff had the RFC to climb stairs and ramps occasionally, and could occasionally balance, stoop, kneel, crouch, and crawl. Tr. 374. Because the ALJ included unwarranted limitations in the RFC assessment and the

---

[3] Curiously, plaintiff declines to mention or discuss that the ALJ also was not a properly appointed officer in accordance with *Lucia* on the date of the ALJ's decision on April 2, 2018.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE MATTER WITH PREJUDICE - 9

hypothetical posed to the VE, the Appeals Council found that the VE testimony improperly limited the number of jobs that plaintiff could perform. *Id.* The Appeals Council invited plaintiff to submit a statement about the facts and law in the case or additional evidence. *Id.* In response, plaintiff provided no statement about the facts or law but provided the additional evidence that has been discussed earlier. Tr. 4–5; *see* Part 4 *supra*. On June 10, 2019, the Appeals Council issued the Commissioner's final decision on the merits finding plaintiff to be not disabled. Tr. 4–7.

The question plaintiff poses is whether there is an Appointments Clause violation based on the ALJ's improper appointment even though the only reviewable decision before the Court was issued by properly appointed AAJs on the Appeals Council. The Court finds there is no Appointments Clause violation under such circumstances. After the Supreme Court decided *Lucia* in June 2018, the Acting Commissioner ratified the appointments of the ALJs and AAJs on July 16, 2018. *See* Social Security Emergency Message (EM) 18003 REV 2, § B, *available at* https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM. In March 2019, the agency issued Social Security Ruling 19-1p, which provided that in cases such as this one, where a plaintiff raises a *Lucia* challenge to an ALJ decision issued prior to July 18, 2018, the Appeals Council will vacate the hearing decision and provide the following remedy:

> [T]he Appeals Council will conduct a new and independent review of the claims file and either remand the case to an ALJ other than the ALJ who issued the decision under review, or issue its own new decision about the claim covering the period before the date of the ALJ's decision. In its review, the Appeals Council will not presume that the prior hearing decision was correct.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE MATTER WITH PREJUDICE - 10

SSR 19-1p, 2019 WL 1324866, at *3 (footnote citing 20 C.F.R. §§ 404.979, 416.1479 omitted).[4] Here the Appeals Council vacated the ALJ's April 2018 decision because it was unsupported by substantial evidence, invited briefing and additional evidence, conducted a new and independent review of the claims file, and issued its own decision. The Appeals Council's decision is the only reviewable decision before this Court and the ALJ's reasoning is helpful only to the extent it elucidates how substantial evidence supports the Commissioner's final decision.

Plaintiff cites no case finding that a constitutional deficiency as to the ALJ who presided over the hearing and issued a non-binding decision gives rise to a due process violation of the Appointments Clause. In *Lucia*, the Supreme Court held that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)). Although the ALJ presided over the administrative hearing, the ALJ did not "adjudicate" this case.[5] The Appeals Council did. *Cf. Richard H. v. Saul*, 2020 WL 3035360, at *4–*5 (W.D. Wash. June 4, 2020) (finding that deceased ALJ who presided over the administrative hearing but did not issue the decision had not "adjudicated" the case for purposes of a *Lucia* Appointments Clause challenge).

The Court need not wade into the quagmire of the parties' argumentation over whether plaintiff waived his Appointments Clause challenge by failing to raise it in a timely fashion. Plaintiff has received the remedy he would have received by timely raising an Appointments

---

[4] The Court is aware that SSRs do not have the force of law, but courts nonetheless defer to SSRs unless they are plainly erroneous or inconsistent with the Social Security Act or regulations. *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

[5] According to Black's Law Dictionary, "adjudicate" means (1) to rule on judicially; (2) to deem or pronounce to be; and (3) to award judicially. BLACK'S LAW DICTIONARY (11th ed. 2019). No aspect of that definition applies to the ALJ presiding over the hearing and issuing a vacated decision.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE MATTER WITH PREJUDICE - 11

Clause violation: the Appeals Council conducted a new and independent review of the claims file, did not presume that the ALJ's decision was correct, and issued its own decision about the claim covering the period before the date of the ALJ's decision. *See* SSR 19-1p; *see also Lucia*, 183 S. Ct. at 2055.

The Court finds that the Commissioner's final decision issued by properly appointed AAJs on the Appeals Council does not implicate a violation of the Appointments Clause as set forth in *Lucia*.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 2nd day of July, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge